HTC MEAUTA O. ATUFILI MAGEO, Appellant,
v.
MISIPAKA L. VIENA and DOES I to XX, Appellee.

High Court of American Samoa
Appellate Division

AP No. 05-82

March 30, 1983

Before GARDNER, Chief Justice, presiding, KING*, Acting Associate Justice, WILKINS**, Acting Associate Justice, FAOA, Associate Judge, and POUTOA, Associate Judge.

PER CURIAM.

Plaintiff/Appellant HTC Meauta O. Atufili Mageo is the senior Matai of the Mageo Family land known as "Vaitafi" or "Vailutu" in Pago Pago. Defendant/Appelle is the daughter of a former pastor, now deceased, who was permitted to reside on said land and conduct church services on an adjacent parcel.

In 1942, a church and a pastor's home were built on the Mageo Communal land. The pastor, defendant/Appellee's father (Ueligitone), used his own funds to build the home. Consent for the use of said land was granted by the Mageo Matai, a predecessor of Plaintiff/Appellant, and extended beyond use for church purposes to the children of the pastor. The wife of the pastor resided alone in the home after his death and the marriage of defendant/appellee. Following the death of the pastor's wife, Defendant/Appellee permitted her husband's relatives from Western Samoa to reside in the home. Thereafter, the present Matai of the Mageo family brought an action to evict Defendant/Appellee and her agents from the home. The court below concluded that the Mageo Matai had granted the pastor and his family use of the land, in the form of an "extended license," so long as a member of the Pastor's family served the Matai and maintained a continual presence thereon. The court further concluded that Defendant/Appellee constructively met those requirements, and entered an order protecting her interests.

Plaintiff/Appellant Mageo challenges the factual findings of the trial court, and also alleges error as a matter of law, asserting that his predecessor was without authority to permit use of the Mageo family communal land for church purposes beyond the period of pastorage.

Although it is of considerable merit, See Talagu v. Te'o, 4 ASR 121 (1974), we need not consider plaintiff/appellant's assignment of error as to the factual findings regarding service and possession because the instant case may be resolved as a matter of law. The occupancy of communal land for church purposes is valid so long as the use of the land is consistant with that purpose. See, e.q., Leiato v. Satele, 2 ASR 341 (1948); Tagoai v. Aaumua, 3 ASR 3 (1951). It is not disputed that use of the land presently in question was originally granted for church purposes and that it is no longer used there for. Any attempt by the former Mageo Matai to permit the pastor's children to use the land beyond the term of pastorage ws in excess of his authority and cannot be enforced against the succeeding Matai. It is thus elementary that the grant cease and the land revert to the family for reassignment by the Matai.

Some question remains, however, as to whether and to what extent Defendant/Appellee should be compensated by plaintiff/appellant for the value of the dwelling constructed by her father. The question shall be considered by the court on remand. Any valuation of the dwelling should be reduced by the fair rental value of the property accruing subsequent to the first eviction notice. Defendant/Appellee shall vacate the disputed parcel within a reasonable time.

Reversed and remanded.

*Honorable Samuel P. King, U.S, District Court Judge, District of Hawaii, sitting by designation of the Secretary of the Department of the Interior.